ELIZABETH McKENNA, Respondent, v. THE MISSOURI PACIFC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 1, 1893.

1. **Negligence**: STATUTE: INSTRUCTIONS. In an action under section 4425, Revised Statutes, 1889, the instructions should not contain words not found in the statute, such as "wanton," etc., and should be confined to the acts of the servants and the employes of the defendant, mentioned in the statute, whilst running, conducting or managing any locomotive, etc., and not permitted to include defects in the track.

2. **Master and Servant**: FELLOW-SERVANTS: STATUTE. A section man was walking along the track of the master's railway when a train was derailed and a car fell upon him and killed him. *Held*, he was not a fellow-servant of the engineer of the train, and the master's liability, if any, came under the first division of section 4425.

3. Negligence: DUTY OF ENGINEER.  Although it is the duty of an engineer, after discovering the peril of even a trespasser on the track, to do everything consistent with safety to prevent an accident, yet such rule does not apply to the case when the engineer sees such person putting himself out of all apparent danger and had no reason to believe that his train might leave the track while passing such person and fall upon him.

4. ———: LIABILITY UNDER STATUTE: NON-PASSENGER.  An action for death of a person not a passenger, brought under section 4425, Revised Statutes, 1889, must rest on some negligence, etc., of the engineer in running the locomotive, etc., and a recovery cannot be had on general negligence, such as defects in the track, etc.  Such general negligence can only aid as it may serve to make out negligence in the engineer, who must be shown to have known of such general negligence and its effect in making his conduct dangerous.

5. ———: CONTRIBUTING AND CONCURRING.  A section man walking along the track of his master's railway upon the approach of the train stepped from the track to the right of way and the train while passing him was derailed in consequence of a defective track and rapid running, and a car fell upon him and killed him.  Held, if he knew of the defective track, as by reason of work thereon and also the speed of the train and made no further effort to avoid the danger than merely to step off the track on the right of way, he was equally negligent with the engineer, and there can be no recovery in case of concurring negligence.

*Appeal from the Moniteau Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*H. S. Priest* and *William S. Shirk,* for appellant.

(1) The court should have sustained defendant's demurrer to the plaintiff's evidence.  *Loeffler v. Railroad,* 96 Mo. 267; *Williams v. Railroad,* 96 Mo. 275; *Barker v. Railroad,* 98 Mo. 50; *McAlester v. Railroad,* 64 Iowa, 395; s. c., 19 American & English Railway Cases, 108, and note; *Scheffer v. Railroad,* 32 Minn. 518; *Conely v. Railroad,* 12 Atl. Rep. 496; *Railroad v. Shrœder,* 16 Atl. Rep. 212, par. on 214; *Blanchard v. Railroad,* 18 N. E. Rep. 799, and note.  (2) It follows

that it was error to give plaintiff's first, second, third, fourth and fifth instructions.

*Edmund Burke*, for respondent.

(1) The plaintiff in this case bases her right to recover on the ground that she is the mother of Frank McKenna who was killed. Revised Statutes, 1879, sec. 2121; Session Acts, 1885, pp. 153–4. (2) The court committed no error in overruling defendant's demurrer to the plaintiff's evidence. There was ample evidence to show that the death of plaintiff's son was occasioned by the unsafe condition of the track in connection with the negligence of defendant's employes in running over it at an unusually rapid rate of speed. *Drain v. Railroad*, 86 Mo. 574; *Petty v. Railroad*, 88 Mo. 306; *Sullivan v. Railroad*, 107 Mo. 66; *Cox v. Granite Co.*, 39 Mo. App. 424; *McDermott v. Railroad*, 87 Mo. 285; *Dowling v. Allen & Co.*, 89 Mo. 299; *Moore v. Railroad*, 85 Mo. 588; *Stoher v. Railroad*, 91 Mo. 509; *Porter v. Railroad*, 75 Mo. 66; *Stoher v. Railroad*, 105 Mo. 192; *McPherson v. Railroad*, 97 Mo. 253; *Grayharsh v. Railroad*, 103 Mo. 570; *Wash v. Railroad*, 52 Mo. 434. (3) The instructions asked on behalf of the plaintiff are amply sustained by those given and approved in the case of *Rine v. Railroad*, 100 Mo. 228; s. c., 88 Mo. 392.

ELLISON, J.—The plaintiff, a widow, is the mother of one William McKenna, who was killed in 1888, while walking along defendant's right of way, by the cars of one of defendant's running trains leaving the track at the point of passing or meeting him, and falling upon him. Defendant demurred to the evidence. It was overruled and the judgment was for plaintiff.

The action was brought under section 2121, Revised Statutes, 1879 (Revised Statutes, 1889, sec.

4425). Deceased was a section laborer under the immediate direction of a section foreman. He had been engaged at work on the track of a branch of defendant's railway when the foreman and men were ordered by the roadmaster to go to a certain crossing about four miles north of Speed station and there take a train from Boonville and go to the town of California to perform certain other work. Instead of waiting for the train at the crossing the foreman and his men (including deceased) concluded they would walk to Speed station and board the train at that point. It does not appear that the foreman gave an order or command that the men should walk to Speed station, or that they should go by walking over the track or right of way. It seems that they concluded to go, and to go over the track. One witness stated that the foreman said that "we will go down to the station at Speed and wait till the train comes from Boonville." While on the way down to Speed they met the train coming towards them at a rapid rate of speed, estimated at from twenty-five to thirty-five miles an hour. The men left the track to avoid the train and went upon the right of way, some going upon one side and some upon the other. The train became derailed at the point of passing them and one of the cars fell over onto the deceased, killing him instantly.

The case as before stated is brought under section 2121, Revised Statutes, 1879, and as such the instructions given for the plaintiff cannot be upheld. The first instruction contains a number of words such as "wanton," "recklessness" and "willfulness," which are not only not a part of the statute upon which the action is based, but are scarcely justified by the evidence. This, however, in the absence of any other error might not work a reversal of the judgment. The instruction should also have been confined to the acts

of servants and employes of the defendant. It appears to distinguish between the acts of the defendant and that of its employes. The instruction could be improved by confining it to those persons mentioned by the statute. The statute is addressed to the personal conduct of the employe "whilst running, conducting or managing any locomotive, car or train of cars."

The second and third instructions are wholly unauthorized in cases of this kind. They place plaintiff's right to recover upon the defective and unsafe condition of the track. Deceased was not a passenger nor was he a fellow-servant with the engineer on the train. His case, therefore, falls under the first division of the section aforesaid, which reads that, "whenever any person shall die from any injury resulting from or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employe whilst running, conducting or managing any locomotive, car or train of cars; or of any master, pilot, engineer, agent or employe whilst running, conducting or managing any steamboat or any of the machinery thereof, or of any driver of any stage coach or other public conveyance whilst in charge of the same as driver." * * * Thus the negligence or unskillfulness from which must arise the liability of defendant is in *running, conducting or managing the train.* This statute has no reference to defective tracks or roadbeds, and yet the instructions referred to authorize the jury to find for plaintiff on account of unsafe track apart from any question of negligence of the engineer in *managing the train.* This we regard as clearly erroneous.

Coming to instruction number five our opinion is that it is not proper under facts shown. It omits matters essential to plaintiff's recovery. It directed

the jury, that, notwithstanding deceased may have been a trespasser upon defendant's right of way, yet, if he was discovered by the engineer in time to enable him to avert the accident, it became the duty of the engineer to do everything in his power consistent with the safety of his engine to prevent the accident, and that if he failed to do so defendant was liable. This is an instruction usually given when the engineer sees a person or an obstruction upon the track, and which he must know will result in a collision and accident unless he averts it by the manipulation of the machinery of the engine. But here when the engineer saw deceased he saw him putting himself out of all apparent danger by leaving the track and going upon the right of way. To make this instruction at all proper we must suppose that the engineer must reasonably have known that a part of his train might leave the track and turn over onto deceased at the point of passing him. This he could not be supposed to know unless he knew of the defective condition of the track, a matter wholly omitted from the instruction.

This brings us to the point of considering whether plaintiff has not altogether failed in making out a case against defendant. As before indicated the liability of defendant can only attach, under the statute quoted, by reason of some negligence, unskillfulness or criminal intent of the engineer in running and managing the locomotive and cars on this occasion. Whatever negligence there may have been on the part of defendant generally, as distinguished from and apart from the negligence of this engineer, has nothing whatever to do with the case. As for instance, if it be true that the defendant was negligent in the construction or maintenance of its track or roadbed at the place of the accident, and that deceased was killed in consequence of this; these facts alone would not sustain the

case. Negligence on the part of *defendant* as it affects a *passenger* is provided for in the second division of the section of the statute here being considered. If one (not a passenger) in bringing his action chooses to place it on that section, the negligence of the defendant *alone as such* will avail him nothing. It can only aid him in his effort to make out negligence in the engineer. So, conceding that it was negligence on the part of the defendant to permit its track or road-bed to be in the condition it was at the place of the accident, it must be further shown that the engineer knew of such defective and insecure condition, and that it would be unsafe to run cars over it at the speed at which he did run them. But plaintiff has made no effort whatever in this direction. The engineer was not the one who regularly run on this branch of defendant's road. He had only been over this branch perhaps four times. Whether the defects in the track, as it was before this accident, were of such character as to be observable to one in this engineer's position does not appear in the record, and, since it is a question for the jury's consideration, I favor remanding the cause; though if it had appeared that he did not know of such defect, or did not have good reason to believe it existed, I would deem it proper to simply reverse the judgment.

It is proper to make this further remark. It appears (though not definitely) that deceased knew of the condition of the track at the point of the accident, as he appears to have been one of the workmen who had been engaged in repairing it a few days before. If he was so engaged in repairing it, he of course knew its condition. If therefore he knew the speed at which the train was running (a matter not made clear to my mind) and made no further effort to avoid it than merely to step off the track onto the right of way, he

was equally as negligent as the engineer could be, since he knew all the engineer knew. That there can be no recovery in cases of concurring negligence is uniformly held. For the reasons foregoing I favor remanding the cause. My associates, however, are of the opinion that no case has been made against defendant, and that the judgment should be simply reversed. It is therefore so ordered.